| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF NEW YORK | FILED<br>U.S. DISTRICT COURT<br>WD OF NY<br>MAR 9 2005 |

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              04-CR-195S(Sr)

EDIS VILLATORO-PARADA,

      Defendant.

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Edis Villatoro-Parada ("the defendant"), is charged along with her brother, Jaime Villatoro ("co-defendant"), in a two count indictment with having violated Title 8 of the United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(I) alleging a conspiracy to smuggle illegal aliens into the United States and subsequently attempting to move and transport such aliens within the United States. (Docket #10).

The defendant has filed a motion seeking "to suppress the identification testimony by Kamal M. Shafia based on the pretrial identification procedures conducted on June 7, 2004." (Docket #15, p. 16). Apparently as an alternative request, the

defendant states that "it is necessary to conduct a pretrial identification hearing to determine the exact way in which the photo array was conducted and its propriety." (Docket #15, p. 20).

## DISCUSSION AND ANALYSIS

A government witness, Kamal M. Shafia, was asked to identify the woman to whom he rented a motel room in a motel located on Grand Island, New York on May 28, 2004. (See Docket #17, p. 9). He was shown a photo array consisting of six (6) black and white photos of facial or frontal head shots of six women.

The defendant argues that the "identification procedure used in this case was materially flawed and prejudicial" in that "the photographic array was improper and suggestive in its composition because [the defendant's] photograph is significantly different than the others in size, clarity, physical characteristics, and skin color" which "unfairly tainted the procedure." (Docket #15, pp. 19-20). The defendant also asserts that "the instruction sheet contains information, presumably conveyed to the witness regarding appearance changes, complexion, styles of photographs, and whether the photographs are black and white or colored" which the defendant states "are suggestive to the potential witness and should not have been given." (Docket #15, p. 20). The defendant requests a "pretrial identification hearing to determine the exact way in which the photo array was conducted and its propriety" notwithstanding her assertion that the identification "procedure was fatally flawed and tainted" thereby requiring "the

identification to be suppressed." (Docket #15, p. 20).

The government has responded by submitting "that the compilation of the photo array and the procedures used to exhibit it were proper and not violative of due process." (Docket #17, p. 7). In support of its position, the government asserts that "(1) all the photos are in black and white; (2) all the photos are primarily facial shots, and all but one are of roughly the same physical dimension; (3) all the photos exhibit roughly the same clarity; and (4) all the photos depict Hispanic appearing women of not widely variant complections (sic)." (Docket #17, p. 7).

The defendant attached a photocopy of the photo array, the instruction sheet and the "Witness Identification Response Of Photographic Lineup Display" to her motion as "Exhibit A." (Docket #15). This Court examined the photo array consisting of six (6) black and white photographs of similar size of facial or frontal head shots of women appearing to be a similar age and coloring and also reviewed the "Instructions" given to the identifying witness for guidance in making an identification from the photo array presented. (Defendant's Exhibit A).

My review of the aforesaid photo array causes me to conclude that the array is not suggestive and that the differences complained of by the defendant, to wit, "Ms. Villatoro's photograph is significantly different than the others in size, clarity, physical characteristics, and skin color," are without merit. The differences complained of are at best minor in nature and "would hardly suggest to an identifying witness that

[the defendant] was more likely to be the culprit." *United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) quoting *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir. 1984). The photo array in question does not meet "the standard for suppression on the ground of suggestiveness." *United States v. Salameh*, 152 F.3d 88, 126 (2d Cir. 1998); *United States v. Gibson*, 135 F.3d 257, 260 (2d Cir. 1998). As the Court of Appeals for the Second Circuit has instructed:

> Each case turns on its own circumstances; but a prior identification from a photo array will be excluded only if the procedure "is so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law," *United States v. Simmons*, 923 F.2d 934, 950 (2d Cir.) (Internal quotation marks omitted), *cert. denied*, 500 U.S. 919, 111 S.Ct. 2018, 114 L.Ed.2d 104 (1991), a challenge that Anglin does not make on this appeal. An unbroken line of our decisions, of which *Salameh*, 152 F.3d at 125, is a recent example, permits use of a non-suggestive photo array for identification purposes and trial testimony based upon that identification. *See also United States v. Thai*, 29 F.3d 785, 807-08 (2d Cir.), *cert. denied sub nom. Lan Ngoc Tran v. United States*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 364 (1994); *Jarrett v. Headley*, 802 F.2d 34 (2d Cir. 1986); *United States v. Archibald*, 734 F.2d 938, 940-941 (2d Cir.), *modified on other grounds*, 756 F.2d 223 (2d Cir. 1984); *United States v. Bubar*, 567 F.2d 192, 197-99 (2d Cir.), *cert. denied*, 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151 (1977).

*United States v. Anglin*, 169 F.3d 154, 161 (2d Cir. 1999).

My review of the "Instructions To The Viewing Witness" (Defendant's Exhibit A) causes me to conclude that as written, they are neutral in content and cannot be said to be "suggestive to the potential witness" as claimed by the defendant.

(Docket #15, p. 20). The stated caveat:

> While viewing the photographs, remember that hair styles, beards or mustaches can change. Also remember that photos do not always reflect a person's true complexion. Pay no attention to differences in the style of the photos nor to whether they are in color or black and white.

Defendant's Exhibit A.

does not in any way cause the viewing witness to "improperly focus" on any particular photo, including that of the defendant as set forth in the photo array. See United States v. Gibson, supra at 260.

Although the defendant has requested "a pretrial identification hearing to determine the exact way in which the photo array was conducted and its propriety," she has failed to put forth a sufficient basis for holding such a hearing. United States v. Salameh, supra.

Therefore, it is hereby RECOMMENDED that defendant's motion "to suppress the identification testimony by Kamal M. Shafia based on the pretrial identification procedures conducted on June 7, 2004" (Docket #15, p. 16) be DENIED.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

<u>(concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

/s/ H. Kenneth Schroeder, Jr.
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

DATED:   Buffalo, New York
         March 8, 2005